IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| GRACE G. SIMMS, | ) | Case No. 3:17-cv-201 |
|---|---|---|
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA STATE | ) | |
| UNIVERSITY—ALTOONA, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Pending before the Court is Plaintiff Grace Simms' Motion for Certification of Judgment as Final and Appealable (ECF No. 25). The Motion has been fully briefed (*see* ECF Nos. 26, 28) and is ripe for disposition. For the reasons stated below, the Court will **DENY** Simms' motion.

### II. Background

#### A. Procedural Background

Simms filed a five-count complaint before this Court. (ECF No. 1.) Subsequently, Simms voluntarily dismissed two claims outright and all of her claims against the individual defendants. (ECF No. 12 at 6.) Thus, three claims remained against Defendant Penn State Altoona: (1) a Fourteenth Amendment procedural due process claim (Count I); (2) a Fourteenth Amendment substantive due process claim (Count II); and (3) a Title VI claim for race discrimination (Count III).

Penn State Altoona filed a Motion to Dismiss Simms' procedural due process and substantive due process claims (ECF No. 8), which this Court granted. *Simms v. Pennsylvania State Univ.-Altoona*, No. 3:17-CV-201, 2018 WL 1413098 (W.D. Pa. Mar. 20, 2018). Simms now asks this Court to enter a final judgment on her procedural due process claim.

### B. Simms' Procedural Due Process Claim

Penn State Altoona did not allow Simms' attorney to "actively participate" in Simms' Student Conduct Board hearing when Simms also faced criminal charges arising from the same conduct.[1] (*See* ECF No. 12.) Simms alleged that this violated her right to procedural due process. This Court rejected Simms' argument. The Court concluded that when a student faces criminal charges in addition to student disciplinary charges, "the due process clause does not require that an accused student's attorney actively participate in her disciplinary hearing." *Id.* at 6.

## III. Legal Standard

Rule 54 of the Federal Rules of Civil Procedure permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54.[2]

---

[1] The parties do not dispute that "[i]n accordance with the University Code of Conduct and Student Policies, Simms was allowed to utilize the assistance of an attorney when preparing for the Conduct Board hearing but her attorney was not permitted to 'actively participate in the hearing itself.'" (ECF No. 26 at 3) (quoting *Simms*, 2018 WL 1413098, at *2).

[2] Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975) (quoting *Aetna Insurance Co. v. Newton*, 398 F.2d 729, 734 (3d Cir. 1968)).

2

"A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980)). The Court issued a final judgment on the merits of Plaintiff's procedural due process claim when it dismissed it under Federal Rule of Civil Procedure 12(b)(6).[3] Accordingly, the Court must determine whether there is "no just reason for delay." *See Jankowski v. Lellock*, No. 2:13-CV-194, 2014 WL 5712243, at *6 (W.D. Pa. Nov. 5, 2014) (McVerry, J.).

District Courts in the Third Circuit should analyze five factors when evaluating Rule 54(b) motions:

> (1) the relationship between the adjudicated and unadjudicated claims;
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley*, 455 F.3d at 203 (quoting *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

---

[3] The Court dismissed Simms' procedural due process claim with leave to amend. However, pursuant to this Court's Memorandum Opinion and Order, Simms had 14 days from the date of the Order to file an Amended Complaint. (ECF No. 24.) Simms "elected not to amend and instead seeks certification of the Order for immediate appeal." (ECF No. 26 at 1.) Accordingly, the Court's dismissal of Simms' procedural due process claim constitutes a final judgment on the merits.

Three principles should guide this inquiry. First, the district court must remember that "the burden is on the party seeking final certification to convince the district court that the case is the 'infrequent harsh case' meriting a favorable exercise of discretion." *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992). Second, "the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and policy to certify the judgment as final." *Id.* Finally, "the district court must marshal and articulate the factors upon which it relied in granting certification so that prompt and effective review can be facilitated." *Id.*

IV. **The Court Will Deny Simms' Motion to Certify a Final Judgment on Her Procedural Due Process Claim Because the Majority of the *Allis-Chalmers* Factors Weigh Against an Entry of Final Judgment**

The Court finds that the majority of the *Allis-Chalmers* factors weigh against an entry of final judgment. The first factor weighs against an entry of final judgment because Simms' claims are not "clearly separable"—they both arise out of Simms' interactions with the Student Conduct Board. The second factor weighs against entry of final judgment because if Simms prevails on her discrimination claim, the need for appellate review of her dismissed procedural due process claim may well be mooted; Simms seeks identical relief for her discrimination and her procedural due process claims.[4] The third factor also weighs against entry of a final judgment because if the Court grants entry of judgment and Simms appeals a future dismissal of her discrimination claim, the appellate court would need to

---

[4] The Court observes that both "wherefore" clauses seek relief in the form of "judgement [sic] in [Simms'] favor and against Defendants (at this count) in an amount in excess of $75,000, plus interest, costs of suit, reasonable attorneys' fees, punitive damages, and any other relief to which she is entitled and that this Court deems just and proper." (ECF No. 1 at 11, 14.)

4

review Simms' experience before the Student Conduct Board on two different occasions. This piecemeal appellate review would waste precious judicial resources.

The fourth factor does not apply because Penn State Altoona did not assert counterclaims.

The fifth factor is neutral. Simms argues that miscellaneous considerations favor entry of a final judgment because her procedural due process claim raises a novel legal issue.[5] Simms correctly observes that the Third Circuit has not published an opinion that directly addresses the issue raised by her procedural due process claim. But the Third Circuit has strongly indicated that the due process clause does not protect the "right" that Simms seeks to vindicate. As this Court noted in its previous opinion in this case, the Third Circuit stayed a district court order "to the . . . extent that any interpretation of the District Court's order . . . would require public universities to allow counsel to participate in all disciplinary proceedings . . . ."). *Simms*, 2018 WL 1413098, at *5 (quoting the Third Circuit's ORDER in *Coulter v. E. Stroudsburg Univ.*, No. 10-2612 (3d Cir. Sep. 28, 2010)). And the Court doubts that the presence of a novel issue justifies entry of a final judgment absent exceptional circumstances. *See Vazquez v. Ferre*, 410 F. Supp. 1385, 1387 (D. N.J. 1976) (the mere fact of a novel issue does not warrant entry of a final judgment when plaintiffs "have shown no hardship or injustice which would be alleviated by immediate appeal.") Therefore, the Court rejects Simms' contention that the novelty of the issue raised by her procedural due process claim justifies entry of a final judgment.

---

[5] *See* ECF No. 26 at 4.

5

Furthermore, Simms failed to present compelling evidence that this is an "'infrequent harsh case' meriting a favorable exercise of discretion." *Anthuis*, 971 F.2d at 1003. The Court acknowledges that Simms, a college student, would be inconvenienced if she proceeded to trial on her discrimination claim and, after a favorable appellate ruling on her procedural due process claim, subsequently pursued that claim at a second trial. But the inconvenience associated with pursuing a previously dismissed claim at a second trial following reinstatement by the appellate court exists any time a trial court dismisses fewer than all claims during the course of litigation. Absent exceptional circumstances which are not present here, the Court sees no compelling reason to depart from the strong policy against piecemeal appellate review.

## V. Conclusion

After considering the relevant factors and balancing the competing interests, the Court finds that Simms failed to satisfy her heavy burden under Rule 54(b). Therefore, the Court **DENIES** Simms' Motion for Certification of Judgment as Final and Appealable (ECF No. 25).

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRACE G. SIMMS, | ) | Case No. 3:17-cv-201 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| PENNSYLVANIA STATE UNIVERSITY—ALTOONA, | ) | |
| Defendant. | ) | |

## ORDER

NOW, this 23rd day of April, 2018, upon consideration of Simms' Motion for Certification of Judgment as Final and Appealable (ECF No. 25), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that said motion is **DENIED.**

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE